UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TARA C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-990-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence. (Dkt. # 25.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1974, has at least a high school education, and previously worked as a general clerk, sales attendant, and park aide. AR at 1022. Plaintiff applied for benefits in December 2015, later amending her alleged disability onset date to December 29, 2015. *Id*. at 24, 1009. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing

ORDER - 1

in November 2017, taking testimony from Plaintiff and a vocational expert. *See id.* at 41-82. In October 2017, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 21-40. On December 19, 2018, the United States District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. *Id.* at 1095-1109. On remand, the ALJ held a hearing in August 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 1031-1067. In August 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 1006-1030. In relevant part, the ALJ found Plaintiff's severe impairments of borderline personality disorder, posttraumatic stress disorder, and depressive disorder limited her to a full range of work at all exertional levels subject to a series of nonexertional limitations. *Id.* at 1011, 1013. Based on vocational expert testimony the ALJ found Plaintiff could perform light jobs found in significant numbers in the national economy. *Id.* at 1022-23. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. *Id.* at 996-1001. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).[1]

#### 1. *Examining Psychologist David Widlan, Ph.D.*

Dr. Widlan examined Plaintiff in February 2016, and opined Plaintiff would have marked limitations adapting to changes in a routine work setting, communicating and performing effectively in a work setting, and completing a normal work day and work week without

---

[1] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER - 3

interruptions from psychologically based symptoms. AR at 822. The ALJ gave Dr. Widlan's opinion "little weight." *Id*. at 1018.

The ALJ first discounted Dr. Widlan's opinion on the ground the doctor's "role is to facilitate qualification for state benefits, and his opinion is based on a single examination for that purpose without any review of additional records." AR at 1018. This finding is erroneous in two respects. First, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Second, the fact that Dr. Widlan examined Plaintiff only once is not a specific and legitimate reason for rejecting the doctor's opinion. The ALJ must consider the opinions of examining physicians. *See id.* at 830; 20 C.F.R. § 416.927. "When considering an examining physician's opinion … it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Malinda K. R. v. Comm'r of Soc. Sec.*, 2019 WL 4942360, at *2 (W.D. Wash. Oct. 7, 2019) (quoting *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014)); *see also Xiong v. Astrue*, 2010 WL 3715135, at *5 (E.D. Cal. Sept. 15, 2010) ("The ALJ's suggestion that Dr. Damania's report is inadequate because it is the result of a one-time examination leads to the conclusion that the opinions of all examining physicians or psychologists should be discarded, contrary to controlling authority."). Further, the ALJ's finding is inconsistent with the "significant weight" he afforded to the opinions of non-examining consultants. *See Arthur v. Saul*, 2020 WL 1017906, at *8 (D. Nev. Feb. 14, 2020), *report and recommendation adopted,* 2020 WL 1017900 (D. Nev. Mar. 2, 2020) ("The court is particularly troubled by the ALJ affording 'little weight' and 'little-to-no weight' respectively to Drs. Cohen and Jones based on their opinions being 'one-time'

ORDER - 4

examinations, when 'significant weight' was afforded to those doctors who had *no* treating or examining history of Arthur. Accordingly, this cannot be a specific and legitimate reason for affording less weight to Arthur's examining doctors."). The ALJ accordingly erred by discounting Dr. Widlan's opinion on this ground.

The ALJ next discounted Dr. Widlan's opinion on the ground the doctor "rel[ied] heavily on subjective complaints[.]" AR at 1018. However, the record indicates Dr. Widlan's opinion was based on clinical observations and does not indicate he found Plaintiff to be untruthful. Therefore, there is no evidentiary basis for rejecting the opinion. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology. Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). The ALJ accordingly erred by discounting the Dr. Widlan's opinion on this ground.

Finally, the ALJ discounted Dr. Widlan's opinion as "inconsistent with the claimant's mental status examinations and observations of minimal psychological difficulties in treatment records." AR at 1018. An ALJ's rejection of a doctor's opinion on the ground that it is contrary to unspecified clinical findings in the record is "broad and vague," and fails "to specify why the

ALJ felt the [doctor's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Further, this finding is contrary to well-settled precedent that, in the mental health context, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017; ("Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). The ALJ accordingly erred by discounting Dr. Widlan's opinion on this ground.

### 2. Treating Therapist Denise Sterchi, LICSW

Ms. Sterchi began treating Plaintiff in 2015, testified at Plaintiff's first hearing, and, most recently, performed a psychological evaluation in January 2018 and provided a treatment summary in June 2019. Following the psychological evaluation, Ms. Sterchi opined Plaintiff would have severe or marked limitations performing basic work activities. AR at 1284. Ms. Sterchi opined in her treatment summary that "in many ways [Plaintiff's] condition has worsened" since 2017, despite "several [failed] attempts to improve her functioning." *Id*. at

1414. She further opined Plaintiff "remains unable to engage in any substantial gainful activity. She remains, and is likely to remain for the foreseeable future, profoundly disabled." *Id*. at 1415.

The ALJ indicated Ms. Sterchi "opined about the claimant's state of disability and inability to work," and properly noted "this issue is reversed to the Commissioner." AR at 1020; *see* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). The ALJ accordingly did not err by discounting that portion of Ms. Sterchi's opinions.

The ALJ found the balance of Ms. Sterchi's opinions "not persuasive or well-supported" for two reasons. AR at 1020. First, the ALJ discounted the opinions on the ground "[h]er diagnosis of dissociative disorder and the treatment she has offered since 2015 seems to have been ineffective and recently dissolved without any substitute offered." *Id*. This finding is unsupported and reflects a mischaracterization of the record. Ms. Sterchi's 2019 treatment summary unambiguously states she "[has] come to feel that [her] previous diagnoses of Post-Traumatic Stress Disorder, Dissociative Type and Borderline Personality Disorder are insufficient." *Id*. at 1414. She opined dissociative disorder "might be a more correct diagnosis for [Plaintiff's] condition." *Id*. Ms. Sterchi's diagnosis of dissociative disorder thus did not "dissolve[]." The ALJ further erred by penalizing Ms. Sterchi and Plaintiff for "ineffective" treatment. *Cf. Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). The ALJ accordingly erred by discounting Ms. Sterchi's opinions on this ground.

Second, the ALJ discounted Ms. Sterchi's opinions on the ground "she never documented sufficient emotional dysfunction to warrant referral for either inpatient treatment or even psychiatric referred [*sic*] for trials of psychotropic medication." AR at 1021. Ms. Sterchi did not opine, however, that Plaintiff *required* inpatient treatment or psychotropic medication. This is

not a legitimate inconsistency. The ALJ accordingly erred by discounting Ms. Sterchi's opinions on this ground.

### 3. *Non-Examining Psychologist Faulder Colby, Ph.D.*

Dr. Colby reviewed, among other things, Dr. Widlan and Ms. Sterchi's reports, and agreed with Dr. Widlan's opined limitations. AR at 830-31. The ALJ found Dr. Colby's opinion "not persuasive." *Id*. at 1018.

The ALJ first discounted Dr. Colby's opinion "for the same reasons" he discounted Dr. Widlan's opinion. Because the ALJ erred in discounting Dr. Widlan's opinion, as discussed above, he necessarily erred by discounting Dr. Colby's opinion on this ground. AR at 1018.

The ALJ also seemingly discounted Dr. Colby's opinion because the doctor "offered a severity rating of '4' that does not align with the regulations of this agency." AR at 1018. Although the ALJ found Dr. Colby's numerical rating not probative to the ALJ's inquiry, that reason does not pertain to the majority of the opinion, which describes functional limitations consistent with those described by Dr. Widlan. Because the ALJ must reassess Dr. Widlan's opinion, that portion of the opinion must be reconsidered, as well.

### 4. *Examining Psychologist Geordie Knapp, Ph.D.*

Dr. Knapp examined Plaintiff in February 2018, diagnosed borderline personality disorder, severe major depressive disorder, and posttraumatic stress disorder, and opined Plaintiff would have a variety of severe, marked, and moderate limitations performing basic work activities. AR at 1278-79. Dr. Knapp noted Plaintiff "should continue with her current counseling. She will further benefit from case-management, housing and educational/vocational assistance." *Id*. at 1279. The ALJ gave Dr. Knapp's opinion "little weight." *Id*. at 1021.

The ALJ first discounted Dr. Knapp's opinion as based on the opinions of Dr. Widlan and Ms. Sterchi. AR at 1021. Because the ALJ erred in discounting Dr. Widlan and Ms. Sterchi's

opinions, as discussed above, he necessarily erred by discounting Dr. Knapp's opinion on this ground. The error is harmless, however, in light of the valid reason the ALJ provided, as discussed below. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

The ALJ next discounted Dr. Knapp's opinion on the ground that "vocational training would minimize or eliminate barriers, which … conflicts with a finding of disability." AR at 1021. This is not a legitimate reason to discount Dr. Knapp's opinion. *See Matthew M. v. Saul*, 2020 WL 1083765, at *4 (W.D. Wash. Mar. 6, 2020) ("[T]he import of Dr. Neims's opinion that Plaintiff's barriers to employment would be minimized or eliminated by vocational training is unclear, given that Dr. Neims is a psychologist, rather than a vocational expert."); *Thor J. S. v. Comm'r of Soc. Sec.*, 2020 WL 1041496, at *2 (W.D. Wash. Mar. 4, 2020) ("The ALJ does not explain how … Plaintiff's benefit from vocational training [is] inconsistent with Dr. Weiss's opined limitations. The ALJ does not cite to the record in support of his conclusion. Without further analysis, the ALJ's reasoning is, by definition, conclusory."); *Duggan v. Berryhill*, 2017 WL 5415928, at *5 (W.D. Wash. Nov. 13, 2017) ("[B]ecause the doctor provided no further explanation and the remainder of her report is silent as to vocational training or services, one cannot reasonably conclude that there is an inconsistency, and if so, that it is one which is inconsistent with Dr. Wingate's opinion about Mr. Duggan's limitations."). The ALJ's error is harmless, however, in light of the valid reason the ALJ provided, as discussed below. *See Carmickle*, 533 F.3d at 1162-63.

Finally, the ALJ discounted Dr. Knapp's opinion on the ground "she suggested a period of only 9 months … which does not meet the durational requirement of the agency[.]" AR at 1021. Limitations expected to last less than one year are insufficient to meet the durational

requirement for a finding of disability and serve as a valid reason to reject a physician's opinion. *See Carmickle*, 533 F.3d at 1165 (affirming ALJ's finding that treating physicians' short term excuse from work was not indicative of "claimant's long term functioning."). The ALJ accordingly did not err by discounting Dr. Knapp's opinion.

### B. Scope of Remand

This case must be remanded because the ALJ harmfully misevaluated the medical evidence. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The opinions of Dr. Widlan, Ms. Sterchi, and Dr. Colby must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Widlan, Ms. Sterchi, and Dr. Colby, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 14th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge